# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 21-1678V

|  |  |
|---|---|
| AMY GRAY, | Chief Special Master Corcoran |
| Petitioner, | Filed: September 9, 2025 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Dorian Hurley, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On August 9, 2021, Amy Gray filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*, which she amended on August 19, 2022.[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on October 7, 2020. Amended Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 18, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On September 9, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $32,738.25. Proffer at 3. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $32,738.25 (comprised of $32,500.00 for pain and suffering and $238.25 for past unreimbursable expenses), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| AMY GRAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 21-1678V (SPU) |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 9, 2021, Amy Gray ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, following receipt of an influenza ("flu") vaccine on October 7, 2020. Petition at 1. On August 19, 2022, petitioner filed an amended petition that included additional details about petitioner's treatment but that did not add any substantive claims. ECF No. 21. On December 20, 2023, Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) Report setting forth his position that this case is not appropriate for compensation. ECF No. 43. On April 12, 2024, petitioner filed a Motion for Ruling on the Record arguing that she had established entitlement to compensation for a SIRVA. ECF No. 45 ("Motion"). Respondent filed his Response to petitioner's Motion on July 12, 2024, recommending that entitlement to compensation be denied. ECF No. 47 ("Response"). Petitioner filed a Reply to respondent's Response on July 29, 2024. ECF No. 48.

On August 18, 2025, the Chief Special Master issued a ruling on entitlement, finding petitioner entitled to compensation.[1]  ECF No. 50.

## I.    <u>Items of Compensation</u>

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

### A.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$32,500.00** for pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$238.25**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    <u>Form of the Award</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. The parties recommend that the compensation provided to petitioner should be made through a

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's August 18, 2025 Ruling on Entitlement.

lump sum payment, as described below, and request that the Chief Special Master's decision and

the Court's judgment award the following:[2]

> A lump sum payment of **$32,738.25**, to be paid through an ACH deposit to petitioner's
> counsel's IOLTA account for prompt disbursement to petitioner, Amy Gray.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

/s/ *Dorian Hurley*
DORIAN HURLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 353-7751
Email: Dorian.Hurley@usdoj.gov

DATED: September 9, 2025

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

3